**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

MALISA WILKERSON,

    Plaintiff,

v.                                             Case No. 5:24-cv-372-MMH-PRL

WILLIAM MCDONALD GLADSON,
et al.,

    Defendants.

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Plaintiff Malisa Wilkerson, who is proceeding pro se, initiated this action on July 31, 2024, by filing a Complaint for a Civil Case (Doc. 1; Complaint) against Defendants William Gladson, William Woods, and Peter Brigham. Wilkerson set forth her claims on the Court's COMPLAINT FOR A CIVIL CASE form, and also attached several documents. See generally id. On August 9, 2024, the Court sua sponte entered an order striking the Complaint and directing Wilkerson to file an amended complaint. (Doc. 3; Order).

In the Order striking the Complaint, the Court explained:

Upon independent review, the Court finds that the Complaint is deficient in several ways and due to be stricken. In the analysis that follows, the Court will discuss some of the problems with the Complaint and provide Wilkerson with the opportunity to file an

> amended complaint consistent with the Federal Rules of Civil Procedure (Rule(s)). Wilkerson should carefully review this Order and consider utilizing the resources available for pro se litigants, cited below, before filing an amended complaint. Failure to comply with the pleading requirements set forth in this Order may result in the dismissal of this action without further notice.

Id. at 1–2. As examples of the deficiencies in Wilkerson's Complaint, the Court noted that Wilkerson appeared to be bringing claims on behalf of Malachi Stocker, who did not sign the Complaint. Id. at 2–3. Accordingly, the Court directed Wilkerson to "assert only her own legal claims" in her amended complaint. Id. at 3.[1] The Court also noted that the Complaint violated Rule 8(a)(2), Federal Rules of Civil Procedure (Rule(s)), which requires that Wilkerson present "a short and plain statement of the claim showing that" she is entitled to relief. Id. at 6. And the Court explained that Wilkerson's manner of pleading in the Complaint ran afoul of the Eleventh Circuit's prohibition on "shotgun pleadings." Id. at 5–7. In doing so, the Court directed Wilkerson to authority that explains what constitutes a shotgun pleading. Id. Of particular

---

[1] As to the need to assert only her own legal claims, the Court directed Wilkerson to Timson v. Sampson, 518 F.3d 870, 873–74 (11th Cir. 2008) (explaining that the "'established procedure … requires that only one licensed to practice law may conduct proceedings in court for anyone other than [her]self'" (internal quotation omitted)); Johnson v. Brown, 581 F. App'x 777, 781 (11th Cir. 2014) (affirming denial of class certification because a pro se litigant cannot bring an action on behalf of others similarly situated); and Franklin v. Garden State Life Ins., 462 F. App'x 928, 930 (11th Cir. 2012) ("The right to appear pro se, however, is limited to those parties conducting 'their own cases' and does not apply to persons representing the interests of others.").

relevance to Wilkerson's claims, the Court explained:

> [I]n a case with multiple defendants, the complaint should contain specific allegations with respect to each defendant; it is insufficient to assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." See Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1323 & n.14 (11th Cir. 2015).

Id. at 5. In assessing the Complaint, the Court concluded, "[I]t is unclear what claim or claims Wilkerson intends to raise in this action, let alone which specific facts support any specific claim against any specific defendant." Id. at 7. In light of these deficiencies, the Court terminated Stocker as a Plaintiff and directed that Wilkerson "may file an amended complaint consistent with the directives of this Order[.]" Id. at 8. The Court also advised Wilkerson to consult an organization that provides free legal services, "such as Community Legal Services of Mid-Florida," and of the availability of legal resources for pro se parties. Id. at 8, 8 n.2.

On September 3, 2024, Wilkerson filed a pleading captioned "Demand Motion to Discovery, Demand Motion to Dismiss, Demand Relief and Remedy," which appears to be her amended complaint. See generally (Doc. 4; First Amended Complaint).[2] The first 18 pages of the First Amended Complaint contain what appear to be copy-and-pasted sections of scripture, sayings,

---

[2] The Court reformatted the caption slightly for readability.

Federal Rules of Evidence, and caselaw. See First Amended Complaint at 1–19. Beginning on page 19, Wilkerson includes a section captioned "Truth and Facts" that is a narrative summary by Stocker essentially alleging that Stocker has been falsely detained by law enforcement in Marion County. Id. at 19. In this section, Stocker does identify his particular grievances with each Defendant, but, for the most part, presents only bare assertions devoid of specific factual allegations. See, e.g., id. ("Peter … Brigham, as Administrative Judge, breached his duty as fiduciary trustee, not to cause harm or damages, as per his oath of office."). On page 21, Wilkerson identifies the "Relief and Remedy Sought" and lists eight actions she and Stocker ask the Court to take. Id. at 21. Wilkerson signs the First Amended Complaint as an "active agent on behalf of Malachi Stocker[.]" Id. at 22. Wilkerson also attaches three documents to the First Amended Complaint: a notarization, a partially redacted copy of Stocker's birth certificate, and a power of attorney granted by Stocker to Wilkerson. See id. at 23–32.

Upon careful review of the First Amended Complaint, the Court finds that it contains many of the same deficiencies as the original Complaint. First, despite the Court's directive that "[i]n the amended complaint, Wilkerson must assert only her own legal claims," see Order at 3, Wilkerson continues to pursue Stocker's claims related to his current confinement. Wilkerson appears to

believe that the power of attorney granted to her by Stocker allows her to do so, but she is mistaken. While the Court understands how Wilkerson could have arrived at this conclusion (given that the title of the document is, after all, "Power of Attorney"), a power of attorney does not allow a person to sign pleadings or other filings with a court on another person's behalf. See, e.g., Ohio Nat. Life Assur. Corp. v. Langkau, No. 3:06-CV-290-J-33MCR, 2007 WL 1951500, *1 (M.D. Fla. July 2, 2007) (explaining that while someone "may prosecute his claims pro se … that privilege is personal to him as a party to th[e] case[.] … He may not allow a non-attorney to exercise that privilege on his behalf, even through a power of attorney. A power of attorney may not be used to circumvent state law prohibitions on the unauthorized practice of law.") (quotation marks, quoted authority, and alterations omitted).[3]

Additionally, the First Amended Complaint is a shotgun pleading. Most of the text of the First Amended Complaint is quoted material from the Bible, the Rules of Evidence, and unknown sources. See generally First Amended Complaint. Importantly, there are few discernible allegations of fact, and none that have to do with Wilkerson, the only party who signed the document. See

---

[3] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

generally id. Wilkerson presents no identifiable counts, nor does she identify which factual assertions support which claims for relief or which Defendant is implicated in any claim. As before, "as currently drafted, Defendants cannot be expected to frame a responsive pleading." See Order at 7 (quoted).

Significantly, this Court has the "inherent authority to dismiss a complaint on shotgun-pleading grounds." Sarhan v. Miami Dade Coll., 800 F. App'x 769, 772 (11th Cir. 2020). Before doing so, "the district court must first explain how the pleading violates the shotgun-pleading rule and give the plaintiff at least one opportunity to re-plead the complaint." See Arrington v. Green, 757 F. App'x 796, 797 (11th Cir. 2018). Where the pleader fails to remedy the problem after being given a chance to do so, dismissal of a shotgun pleading with prejudice is warranted. See Tran v. City of Holmes Beach, 817 F. App'x 911, 915 (11th Cir. 2020). Here, the Court has provided Wilkerson an opportunity to remedy the pleading deficiencies in her complaints and she has failed to do so. On this record, the Court is convinced that Wilkerson is unable or unwilling to comply with the Court's directives and that nothing less than dismissal will suffice. See Sarhan, 800 F. App'x at 772. "Even pro se plaintiffs must comply with pleading rules or face judgment day," Tran, 817 F. App'x at 915, and for Wilkerson, that day has come. Despite the Court's guidance on the problems with her Complaint, and an opportunity to fix those deficiencies,

Wilkerson's First Amended Complaint remains an indecipherable shotgun pleading and problematically, one filed on behalf of a party that Wilkerson is not authorized to represent. While dismissal with prejudice would be appropriate given Wilkerson's failure to remedy her pleading, because she is attempting to bring claims on Stocker's behalf the Court finds it appropriate to dismiss this action without prejudice to Stocker refiling on his own behalf. Accordingly, it is

**ORDERED**:

1. Malisa Wilkerson's First Amended Complaint (Doc. 4) is **DISMISSED WITHOUT PREJUDICE.**
2. The Clerk of the Court is directed to terminate any deadlines or pending motions as moot and close the file.
3. The Clerk of the Court is further directed to **enter judgment** in accordance with this Order.

**DONE AND ORDERED** in Chambers this 12th day of September, 2024.

*/s/ Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

Lc33

Copy to:
Malisa Wilkerson
2425 NW 58th Place
Ocala, FL 34475